IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| UNITED COMMUNITY BANK, INC. | * |
| Plaintiff, | * |
| v. | *   Case No.: GJH-20-594 |
| IAAAA, INC., *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In this action, Plaintiff United Community Bank brings claims against Defendants IAAAA, Inc. d/b/a Jimmy Johns and Mahmood Ahsan, alleging confessed judgment under a promissory note (Count I), confessed judgment under a guaranty (Count II), and unjust enrichment (Count III). ECF No. 1. Pursuant to Fed. R. Civ. P. 55(b), Plaintiff has filed a Motion for Default Judgment with a supporting affidavit. ECF No. 11. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion for Default Judgment is granted, in part, denied, in part.

I.     **BACKGROUND**

On or about September 7, 2017, Plaintiff issued a loan to Defendant IAAAA, Inc. d/b/a Jimmy Johns ("Borrower") in the amount of $350,000. ECF No. 1 ¶ 7.[1] Borrower was to repay the Loan according to the terms and conditions of the Note and the Loan Agreement. *Id.* ¶¶ 9–13. Defendant Mahmood Ahsan ("Guarantor"), Borrower's President, executed a U.S. Small

---

[1] These facts are taken from the Complaint, ECF No. 1, and Plaintiff's Motion for Judgment by Default, ECF No. 6.

Business Administration Unconditional Guarantee, dated September 7, 2017, in favor of Plaintiff. *Id.* ¶ 14–16. Borrower failed to make the payments required under the terms of the Loan Agreement during the period between July 5, 2019, and October 5, 2019. *Id.* ¶ 17. Plaintiff sent a Notice of Default, Demand, Acceleration and Reservation of Rights to Borrower and Guarantor, dated October 9, 2019, providing Defendants notice of an amount that, if paid, would cure Borrower's default as of that date: $18,911.78. *Id.* ¶¶ 18–20. Plaintiff alleges that Defendants failed to pay that amount or to pay off the loan in full. *Id.* ¶ 23.

On March 4, 2020, Plaintiff filed suit in this Court. ECF No. 1. On May 6, 2020, with no answer having been filed, Plaintiff filed a Motion for Clerk's Entry of Default, ECF No. 6. The Clerk entered default against Defendants on August 24, 2020. ECF No. 9. On October 21, 2020, Plaintiff filed a Motion for Default Judgment as to Counts I and II—confessed judgment under the Note and the Guaranty—seeking damages in the amount of $288,900.63 in principal, $19,055.11 in interest, $4,033.93 in late charges, $43,920.00 in attorneys' fees, and $2,791.13 in court costs—for a total of $358,700.80. ECF No. 11 at 7; ECF No. 11-3 at 3.

## II. STANDARD OF REVIEW

The Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *see Tazco, Inc. v. Director, Office of Workers' Compensation Program*, 895 F. 2d 949, 950 (4th Cir. 1990). However, that policy is not absolute. Default judgment "is appropriate when the 'adversary process has been halted because of an essentially unresponsive party.'" *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

Upon the moving party's request, Federal Rule of Civil Procedure 55(a) allows the Clerk of the Court to enter an order of default against a defendant who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After a default has been entered, Rule 55(b)(2) authorizes the Court "to enter a default judgment against the defaulting party for the amounts claimed and costs." *Guardian Life Ins. Co. of Am. v. Spencer*, No. 5:10CV000Q4, 2010 WL 3522131, at *3 (W.D. Va. Sept. 8, 2010) (citing Fed. R. Civ. P. 55(b)(2)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975))). Upon a finding of liability, "[t]he court must make an independent determination regarding damages[.]" *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

## III. DISCUSSION

The Court first notes that it has jurisdiction over this matter because the parties are diverse and the amount in controversy exceeds $75,000. *See* ECF No. 1 ¶ 3. Additionally, venue is proper under 28 U.S.C. § 1391(b), as Defendants reside in this District. *See id.* ¶¶ 3, 6.

Plaintiff seeks default judgment as to Counts I and II—a confessed judgment under the Note and Guaranty. ECF No. 11; ECF No. 1. Under Maryland law, a confessed judgment is a "device designed to facilitate collection of a debt." *Schlossberg v. Citizens Bank*, 341 Md. 650, 655, 672 A.2d 625, 627 (Md. 1996). A confession of judgment clause, occasionally described more archaically as a "cognovit," is a provision that is sometimes included in a debt instrument, by which the debtor "agree[s] to the entry of judgment against [the debtor] without the benefit of a trial in the event of default on the debt instrument." *Id.*; *see Black's Law Dictionary* 296, 339 (9th ed. 2009) (definitions of "cognovit" and "confession of judgment").

Maryland courts have recognized that, in some circumstances, "a confessed judgment note serves a salutary purpose." *Nils, LLC v. Antezana*, 171 Md. App. 717, 729, 912 A.2d 45, 52 (Md. Ct. Spec. App. 2006), cert. denied, 397 Md. 397, 918 A.2d 469 (2007). "When unchallenged or not successfully challenged," a confessed judgment "permits the holder to by-pass the trouble, the time, the expense, and the uncertainty of a trial." *Id.* Nevertheless, "[j]udgments by confession are not favored in Maryland, because Maryland courts have long recognized that the practice of including in a promissory note a provision authorizing confession of judgment lends itself far too readily to fraud and abuse." *Gambo v. Bank of Md.*, 102 Md. App. 166, 185, 648 A.2d 1105, 1114 (Md. Ct. Spec. App. 1994) (quoting *Garliss v. Key Federal Savings Bank*, 97 Md. App. 96, 103, 627 A.2d 64 (Md. Ct. Spec. App. 1993)). Therefore, the Maryland Court of Appeals "has made clear that judgments by confession are to be 'freely

stricken out on motion to let in defenses.'" *Schlossberg*, 341 Md. at 655, 672 A.2d at 627 (quoting *Keiner v. Commerce Trust Co.*, 154 Md. 366, 370, 141 A. 121, 123 (Md. 1927)). "The disfavored status of confessed judgments is also made plain by the many provisions of Maryland law that prohibit the use of confessed judgment clauses in a wide variety of contractual contexts." *Sager v. Housing Comm'n of Anne Arundel County*, 855 F. Supp. 2d 524, 554 (D. Md. 2012).

District of Maryland Local Rule 108.1 governs the entry of judgment by confession in this Court. *Hunt v. Kadlick*, 972 F. Supp. 2d 772, 774 (D. Md. 2013); *see also Sager*, 855 F. Supp. 2d at 553 n.37 ("The current provisions applicable in Maryland state courts under the Maryland Rules are analogous to this Court's procedures with respect to confessed judgments.") (citing Local Rule 108.1); *Understein v. McKiver*, DKC-14-1452, 2014 WL 7048969, at *5 (D. Md. Dec. 11, 2014). Local Rule 108.1(a) provides:

> A complaint requesting the entry of judgment by confession shall be filed by the plaintiff accompanied by the written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages and supported by an affidavit made by the plaintiff or someone on that party's behalf stating the specific circumstances of the defendant's execution of said instrument and including, where known, the age and education of the defendant, and further including the amount due thereunder, and the post office address (including street address if needed to effect mail delivery) of the defendant.

Local Rule 108.1(b) states:

> Upon review of the aforesaid documents, the Court may direct the entry of judgment upon a finding that the aforesaid documents prima facie establish (1) a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages and (2) a meritorious claim of the plaintiff for liquidated damages against the defendant.

Here, Plaintiff attaches several documents to its Complaint constituting "written instrument[s] authorizing the confessed judgment and entitling Plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1(a). Specifically, Plaintiff includes a copy of the Note executed by

Mahmood Ahsan, President of Borrower IAAAA, Inc., ECF No. 1-2 at 6, agreeing to receive $350,000.00 in return for Borrower's obligation to repay the amount with interest, *id.* at 1. The Note contains a "Confession of Judgment Clause," that states:

> The undersigned hereby authorizes and empowers any attorney or clerk of any court of record in the United States or elsewhere to appear for and, with or without declaration filed, confess judgment against the undersigned in favor of the holder, assignee or successor of holder of the note, at any time, for the full or total amount of this Note, together with all indebtedness provided for therein, with costs of suit and attorney's commission of ten (10) percent for the collection . . . . The undersigned acknowledges and agrees that the undersigned is voluntarily, knowingly, and intelligently giving up its right to notice and hearing prior to the entry of judgment, is granting the holder, assignee or successor holder of the Note the right to confess judgment against the undersigned and is freely waiving the undersigned's due process rights.

*Id.* at 5. Second, Plaintiff includes a copy of the Guaranty, also signed by Mr. Ahsan, ECF No. 1-4 at 5, containing the same "Confession of Judgment Clause," *id.* at 4. Finally, Plaintiff attaches a Loan Agreement signed by Mr. Ahsan, as President of IAAAA Inc. for Borrower and as an individual as Guarantor. ECF No. 1-3 at 11. All three documents are dated September 7, 2017.

Plaintiff also attaches to the Complaint an affidavit of Cortez Dixon (the "Affidavit"), a Small Business Administration Workout Officer for Plaintiff familiar with Plaintiff's transactions with Borrower and Guarantor, authenticating the Note, Guaranty, and Loan Agreement and providing additional information required under Local Rule 108.1(a). ECF No. 1-6. The Affidavit does not fully specify the circumstances under which Borrower entered into the Note and Guarantor guaranteed it. However, the Affidavit incorporates by reference the facts stated in the Complaint, which outline those circumstances in greater detail. *See id.* ¶ 3; *see also* ECF No. 1 ¶¶ 7–16. Additionally, the Affidavit provides that Mr. Ahsan was approximately 31 years old at the time he signed the documents and that Mr. Ahsan is "Borrower's registered agent." ECF No. 1-6 ¶¶ 20–22. Accordingly, because Mr. Ahsan was an adult at the time he executed the documents and because he is believed to be a sophisticated business person based

on his position as President of IAAAA, Inc., *see* ECF No. 1-2 at 6, the evidence is sufficient to meet the requirement that a confessed judgment be voluntary, knowing, and intelligent. *See Bank of Com. v. BSJ Partners, LLC*, No. ELH-13-2349, 2013 WL 5505858, at *2 (D. Md. Oct. 1, 2013). Additionally, the Affidavit provides the amount due under the written instrument and Defendants' addresses, satisfying the requirements of Local Rule 108.1(a).

The Affidavit further explains that Plaintiff mailed Borrower and Guarantor a demand letter on or about October 9, 2019. *Id.* ¶¶ 8–9; *see also* ECF No. 1-5 (copy of demand letter). The letter informed the Borrower that its "failure to make payments when due on July 5, 2019 through October 5, 2019" constituted a Default under the Note and Loan Agreement. ECF No. 1-5 at 2. The letter demanded payment either of the "Payoff"—the full loan amount of $321,034.54—or payment of the "Cure Payment"—$18,911.78—within five days of receipt of the demand letter. ECF No. 1-5 at 3. However, according to the Affidavit, Plaintiff failed to timely pay the Cure Payment or to repay the loan in full, and thus Borrower and Guarantor defaulted under the Loan Documents. ECF No. 1-6 ¶¶ 11–12.

Confusingly, a second affidavit by Cortez Dixon, attached to the Motion for Default Judgment ("Affidavit II"), makes broader claims concerning Defendants' conduct, stating that "[t]o date, Borrower failed to make any payments under the Note and Guarantor failed to make any payments under the Guaranty." ECF No. 11-1 ¶ 12; *cf.* ECF No. 1 ¶ 23 (alleging Defendants had failed to pay the Cure Payment or the Payoff as of March 4, 2020, despite more than five days passing since receipt of the demand letter). But this is contradicted by the Loan Payment History attached to that second affidavit, which shows a payment of $25,107.08 on October 17, 2019, possibly the Cure Payment, albeit paid a day or two late; a payment of $4,500.00 on

7

December 16, 2019; and a payment of $2,000.00 on January 17, 2020. ECF No. 11-1 at 8.[2]

Notwithstanding that discrepancy, however, upon review of the Complaint and its accompanying documents, the Court concludes Plaintiff has prima facie established both (i) a voluntary, knowing, and intelligent waiver by Defendants of the right to notice and a prejudgment hearing on the merits of the claim for liquidated damages and (ii) a meritorious claim for liquidated damages against Defendants.

Having determined that Confessed Judgment is appropriate, the Court proceeds to consider damages. Pursuant to the confessed judgment provisions of the Note and the Guaranty, Plaintiff requests: unpaid principal in the amount of $288,900.63; accrued interest in the amount of $19,055.11, to and including October 20, 2020, with a per diem interest thereafter of $47.49; late charges in the amount of $4,033.93; attorneys' fees of $46,711.13; and $2,791.13 in costs. ECF No. 11 at 7; ECF No. 11-2 ¶ 9. The Court finds the first three values supported and appropriate. The request for attorneys' fees, however, requires further discussion.

In a diversity action, a party's right to recover attorney's fees is ordinarily governed by state law. *See Ranger Constr. Co. v. Prince William Cnty. Sch. Bd.*, 605 F.2d 1298, 1301 (4th Cir. 1979); *Rohn Prods. Int'l, LC v. Sofitel Capital Corp.*, Civ. No. WDQ–06–504, 2010 WL 3943747, at *4 n. 13 (D. Md. Oct. 7, 2010); *Glassman Constr. Co. v. Md. City Plaza*, Inc., 371 F. Supp. 1154, 1162 (D. Md. 1974). In general, Maryland follows the "American Rule," under which "a prevailing party is not awarded attorney's fees 'unless (1) the parties to a contract have an agreement to that effect, (2) there is a statute that allows the imposition of such fees, (3) the

---

[2] The same Loan Payment History shows a payment on August 23, 2019, ECF No. 11-1 at 8; however, this payment was presumably late, as Plaintiff stated in the October 9, 2019 demand letter that Borrower had failed "to make payments *when due* on July 5, 2019 through October 5, 2019," ECF No. 1-5 at 2 (emphasis added).

wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution.'" *Nova Research, Inc. v. Penske Truck Leasing Co.*, 405 Md. 435, 445, 952 A.2d 275, 281 (Md. 2008) (quoting *Thomas v. Gladstone*, 386 Md. 693, 699, 874 A.2d 434, 437 (Md. 2005)).

"Contract provisions providing for awards of attorney's fees to the prevailing party in litigation under the contract generally are valid and enforceable in Maryland." *Myers v. Kayhoe*, 391 Md. 188, 207, 892 A.2d 520, 532 (Md. 2006). "It is a fundamental principle of contract law that it is 'improper for the court to rewrite the terms of a contract, or draw a new contract for the parties, when the terms thereof are clear and unambiguous, simply to avoid hardships.'" *Calomiris v. Woods*, 353 Md. 425, 445, 727 A.2d 358, 368 (Md. 1999) (quoting *Canaras v. Lift Truck Servs.*, 272 Md. 337, 350, 322 A.2d 866, 873 (Md. 1974)); *see also Loudin Ins. Agency, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 1443, 1992 WL 145269, at *5 (4th Cir. 1992) (per curiam) ("[A] court will not rewrite the parties' contract simply because one party is no longer satisfied with the bargain he struck.").

However, "Maryland law limits the amount of contractual attorneys['] fees to actual fees incurred, regardless of whether the contract provides for a greater amount." *SunTrust Bank v. Goldman*, 201 Md. App. 390, 398, 29 A.3d 724, 728 (Md. Ct. Spec. App. 2011); *see also Monmouth Meadows Homeowners Ass'n, Inc. v. Hamilton*, 416 Md. 325, 343, 7 A.3d 1, 11–12 (Md. 2010) (finding the lower court had properly "rejected the application of an arbitrary 15% of principal sought as a reasonable fee award" and "recognized that the error in this approach lay in the automatic application of that percentage, or indeed of any percentage, without a substantive inquiry into the appropriateness of those awards in the cases at bar").

Moreover, "[e]ven in the absence of a contract term limiting recovery to reasonable fees,

trial courts are required to read such a term into the contract and examine the prevailing party's fee request for reasonableness." *Myers*, 391 Md. at 207, 892 A.2d at 532; *see also Atl. Contracting & Material Co. v. Ulico Cas. Co.*, 380 Md. 285, 316, 844 A.2d 460, 478 (Md. 2004); *SunTrust*, 201 Md. App. at 401, 29 A.3d at 730. Thus, "courts must routinely undertake an inquiry into the reasonableness of any proposed fee before settling on an award." *Monmouth Meadows*, 416 Md. at 333, 7 A.3d at 5. The "reasonableness of attorney's fees is a factual determination within the sound discretion of the court." *Myers*, 391 Md. at 207, 892 A.2d at 532. "The burden is on the party seeking recovery to provide the evidence necessary for the fact finder to evaluate the reasonableness of the fees." *Ulico*, 380 Md. at 316, 844 A.2d at 478 (quoting *Maxima Corp. v. 6933 Arlington Dev. Ltd. P'ship*, 100 Md. App. 441, 454, 641 A.2d 977, 983 (Md. Ct. Spec. App. 1994)). Therefore, the party seeking a fee award must provide "detailed records" that specify "the services performed, by whom they were performed, the time expended thereon, and the hourly rates charged." *Rauch v. McCall*, 134 Md. App. 624, 639, 761 A.2d 76, 84 (Md. Ct. Spec. App. 2000) (quoting *Holzman v. Fiola Blum, Inc.*, 125 Md. App. 602, 638–39, 726 A.2d 818, 835–36 (Md. Ct. Spec. App. 1999)), *cert. denied*, 362 Md. 625, 766 A.2d 148 (Md. 2001). "[W]ithout such records, the reasonableness, vel non, of the fees can be determined only by conjecture or opinion of the attorney seeking the fees and would therefore not be supported by competent evidence." *Id.* at 639, 761 A.2d at 85 (quoting *Holzman*, 125 Md. App. at 638–39, 726 A.2d at 835–36).

In sum, in order for attorneys' fees to be awarded in this case, they must (1) have been provided for in a contract between the parties; (2) be actually paid or incurred; and (3) be reasonable.

First, the confessed judgment clauses in the Note and Guaranty allow for the award of

"costs of suit and attorney's commission of ten (10) percent" of the amount of collection. ECF No. 1-2 at 5; ECF No. 1-4 at 4. Indeed, Plaintiff's Complaint originally requested $29,788.90 in attorneys' fees—ten percent of the amount of collection. ECF No. 1-6 ¶ 18; *see also id.* at 5 n.2. Accordingly, Plaintiff may receive attorneys' fees up to the amount provided for in the contract—ten percent of the value owed—even if Plaintiff's legal fees were greater than that amount. *See Webster v. People's Loan, Sav. & Deposit Bank of Cambridge*, 160 Md. 57, 152 A. 815, 818 (Md. 1931) (finding that if the plaintiff "pays more than the fees entered" in the confessed judgment, "then he is out the excess").

Second, Plaintiff submits an affidavit from its counsel indicating that counsel has billed Plaintiff $43,920.00 in legal fees in addition to $2,791.13 for costs. ECF No. 11-2 at 1, 3. However, neither Plaintiff nor counsel provide any billing records or accounting of those costs. Accordingly, the Court finds the request for fees and costs insufficiently supported by evidence.

Third, Maryland Rule of Civil Procedure 2–704, which took effect at the beginning of 2014, governs attorneys' fees allowed by a contract as an element of damages for breach of that contract and provides guidance for courts' reasonableness determinations in that context. *See* Md. R. Civ. P. Cir. Ct. 2-704(a); *see also Steele v. Diamond Farm Homes Corp.*, 464 Md. 364, 386, 211 A.3d 411, 424 (Md. 2019); *Merriweather Post Bus. Tr. v. It's My Amphitheater, Inc.*, No. 2594, Sept. Term, 2018, 2020 WL 4530659, at *26 n. 22 (Md. Ct. Spec. App. Aug. 6, 2020); *Mid-Atl. Homes v. Manufacturers & Traders Tr. Co.*, No. 1503, Sept. Term, 2018, 2018 WL 5794649, at *11 (Md. Ct. Spec. App. Nov. 5, 2018). Under Rule 2-704, a party seeking attorneys' fees must submit evidence based on the standards set forth in Rule 2-703(f)(3) or subsection (e)(4) of Rule 2-704, as applicable. *See* Md. R. Civ. P. Cir. Ct. 2-704(d). Subsection (e)(4) applies if "the claim for an award of attorneys' fees does not exceed the lesser of 15% of

the principal amount found to be due or $4,500," and requires only that the party show:

> (A) a detailed description of the work performed, broken down by hours or factions thereof expended on each task;
> (B) the amount or rate charged or agreed to in writing by the requesting party and the attorney; and
> (C) the attorney's customary fee for similar legal services.

Md. R. Civ. P. Cir. Ct. 2-704(e)(4). However, where, as here, the amount sought is greater than $4,500, the factors outlined in Rule 2-703(f)(3) apply:

> (A) the time and labor required;
> (B) the novelty and difficulty of the questions;
> (C) the skill required to perform the legal service properly;
> (D) whether acceptance of the case precluded other employment by the attorney;
> (E) the customary fee for similar legal services;
> (F) whether the fee is fixed or contingent;
> (G) any time limitations imposed by the client or the circumstances;
> (H) the amount involved and the results obtained;
> (I) the experience, reputation, and ability of the attorneys;
> (J) the undesirability of the case;
> (K) the nature and length of the professional relationship with the client; and
> (L) awards in similar cases.

Md. R. Civ. P. Cir. Ct. 2-703 (f)(3); *see also Steele*, 464 Md. at 385, 211 A.3d at 423 ("Subsection (e)(4) is inapplicable to the case at bar. Maryland Rule 2-703(f)(3) therefore guides and sets out the factors that should be considered in awarding attorney's fees.").

Counsel for Plaintiff has submitted an affidavit stating that "the firm has attorneys who practice law throughout the State of California, including, but not limited to, the United States District Court for the District of Maryland," that "the firm has expended 99.60 hours in the prosecution of this case and that the firm has billed Plaintiff a total amount of $43,920.00 for services rendered, plus a total amount of $2,791.13 for costs in conjunction with the prosecution of the instant action," and that, in the attorney's opinion, this amount was reasonable. ECF No. 11-2 at 1, 3. Such a statement, without more, falls well short of the requirements outlined in Rule 2-704 for showing the reasonableness of the claimed amount. Accordingly, Plaintiff is directed

to file a supplemental affidavit, in accordance with Rule 2–704, in support of the claim for fees and costs.

## IV. CONCLUSION

For the reasons explained above, Plaintiff's Motion for Default Judgment, ECF No. 11, will be granted, in part, denied, in part. Confessed Judgment is entered by default in favor of Plaintiff and against Defendants in the amount of unpaid principal in the amount of $288,900.63; accrued interest in the amount of $19,055.11, to and including October 20, 2020, with a per diem interest thereafter of $47.49; and late charges in the amount of $4,033.93. ECF No. 1. However, Plaintiff shall submit a more detailed affidavit in support of its request for attorneys' fees and costs. To the extent that Plaintiff also requests post-judgment interest for the time period following this Court's grant of judgment, Plaintiff is entitled by statute to such post-judgment interest as calculated under federal law, so the Court need not specifically award it. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). The Clerk is further directed to ensure that notice of this Memorandum Opinion and Order is provided to Defendants as follows, pursuant to Local Rule 108.1(c):

> IAAAA, Inc.
> dba Jimmy Johns
> 314 Prettyman Dr. Apt.
> Rockville, MD 20850
>
> Mahmood Ahsan
> 10221 River Road Unit 61097
> Potomac, MD 20859

A separate Order shall issue.

Dated: <u>June 29, 2021</u>                                             /s/_____
                                                                        George J. Hazel
                                                                        United States District Judge