IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| UNITED COMMUNITY BANK, INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-20-594 |
| IAAAA, INC., *et al.*, | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

In this action, Plaintiff United Community Bank, Inc., brings a renewed Motion for Default Judgment. Previously, this Court partially granted Plaintiff's motion for default judgment and ordered Plaintiff to provide supplemental information in support of the request for attorneys' fees and costs. ECF No. 13. Plaintiff filed the renewed Motion with supporting documentation. ECF No. 15. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Court will grant Plaintiff $31,198.97 in attorneys' fees and $2,865.13 in costs.

**I.     BACKGROUND[1]**

A summary of the facts is included in this Court's previous memorandum opinion, so the Court will only repeat the facts and procedural history relevant to the Motion. *See* ECF No. 12. On March 4, 2020, Plaintiff brought claims against Defendants IAAAA, Inc. d/b/a Jimmy Johns and Mahmood Ahsan, alleging confessed judgment under a promissory note (Count I), confessed

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

judgment under a guaranty (Count II), and unjust enrichment (Count III). ECF No. 1. On May 6, 2020, with no answer having been filed, Plaintiff filed a Motion for Clerk's Entry of Default, ECF No. 6. The Clerk entered default against Defendants on August 24, 2020. ECF No. 9. On October 21, 2020, Plaintiff filed a Motion for Default Judgment as to Counts I and II—confessed judgment under the Note and the Guaranty. ECF No. 11. This Court granted the Motion in part and denied it in part. ECF No. 13. This Court entered judgment in the amount of the unpaid principal of $288,900.63, accrued interest of $19,055.11, to and including October 20, 2020, with a per diem interest thereafter of $47.49, and late charges of $4,033.93. *Id.* This Court also ordered that, pursuant to 28 U.S.C. § 1961, post-judgment interest shall continue to accrue until the judgment is satisfied. *Id.*

As to Plaintiff's request for attorneys' fees and costs, however, this Court found that the provided briefing was insufficient to support the claimed amounts. *See* ECF No. 12 at 11*; see also* Md. R. Civ. P. Cir. Ct. 2-704. Plaintiff was ordered to provide supplemental briefing in support of the claim for fees and costs. Plaintiff filed this renewed Motion for Default Judgment and supplemental briefing on August 12, 2021. ECF No. 15.

## II.  STANDARD OF REVIEW

The "reasonableness of attorney's fees is a factual determination within the sound discretion of the court[.]" *Myers v. Kayhoe*, 391 Md. 188, 207, 892 A.2d 520, 532 (2006). "'The burden is on the party seeking recovery to provide the evidence necessary for the fact finder to evaluate the reasonableness of the fees.'" *Atl. Contracting & Material Co. v. Ulico Cas. Co.*, 380 Md. 285, 316, 844 A.2d 460, 478 (2004) (quoting *Maxima Corp. v. 6933 Arlington Dev. Ltd. P'ship*, 100 Md. App. 441, 454, 641 A.2d 977, 983 (Md. Ct. Spec. App. 1994)). Therefore, the party seeking a fee award must provide "detailed records" that specify "the services performed,

by whom they were performed, the time expended thereon, and the hourly rates charged." *Rauch v. McCall*, 134 Md. App. 624, 639, 761 A.2d 76, 84 (Md. Ct. Spec. App. 2000) (quoting *Holzman v. Fiola Blum, Inc.*, 125 Md. App. 602, 638–39, 726 A.2d 818, 835–36 (Md. Ct. Spec. App. 1999)), *cert. denied*, 362 Md. 625, 766 A.2d 148 (Md. 2001). "[W]ithout such records, the reasonableness, vel non, of the fees can be determined only by conjecture or opinion of the attorney seeking the fees and would therefore not be supported by competent evidence." *Id.* at 639, 761 A.2d at 85 (quoting *Holzman*, 125 Md. App. at 638–39, 726 A.2d at 835–36).

### III.  DISCUSSION

In this diversity action, Maryland law governs Plaintiff's right to recover attorneys' fees and costs. *See Ranger Constr. Co. v. Prince William Cnty. Sch. Bd.*, 605 F.2d 1298, 1301 (4th Cir. 1979); *Rohn Prods. Int'l, LC v. Sofitel Capital Corp.*, No. 06-cv-504-WDQ, 2010 WL 3943747, at *4 n.13 (D. Md. Oct. 7, 2010). Maryland allows the awarding of fees where, as here, "'the parties to a contact have an agreement to that effect[.]'" *Nova Research, Inc. v. Penske Truck Leasing Co.*, 405 Md. 435, 445, 952 A.2d 275, 281 (Md. 2008) (quoting *Thomas v. Gladstone*, 386 Md. 693, 699, 874 A.2d 434, 437 (Md. 2005)).

"Contract provisions providing for awards of attorneys' fees to the prevailing party in litigation under the contract generally are valid and enforceable in Maryland." *Myers*, 391 Md. at 207 (citing *Atl. Contracting*, 380 Md. 285, 316, 844 A.2d 460, 477). "It is a fundamental principle of contract law that it is 'improper for the court to rewrite the terms of a contract, or draw a new contract for the parties, when the terms thereof are clear and unambiguous, simply to avoid hardships.'" *Calomiris v. Woods*, 353 Md. 425, 445, 727 A.2d 358, 368 (Md. 1999) (quoting *Canaras v. Lift Truck Servs.*, 272 Md. 337, 350, 322 A.2d 866, 873 (Md. 1974)); *see also Loudin Ins. Agency, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 1443, 1992 WL 145269, at *5

(4th Cir. 1992) (per curiam) ("[A] court will not rewrite the parties' contract simply because one party is no longer satisfied with the bargain he struck."). However, "Maryland law limits the amount of contractual attorneys['] fees to actual fees incurred, regardless of whether the contract provides for a greater amount." *SunTrust Bank v. Goldman*, 201 Md. App. 390, 398, 29 A.3d 724, 728 (Md. Ct. Spec. App. 2011); *see also Monmouth Meadows Homeowners Ass'n, Inc. v. Hamilton*, 416 Md. 325, 343, 7 A.3d 1, 11–12 (Md. 2010) (finding the lower court had properly "rejected the application of an arbitrary 15% of principal sought as a reasonable fee award" and "recognized that the error in this approach lay in the automatic application of that percentage, or indeed of any percentage, without a substantive inquiry into the appropriateness of those awards in the cases at bar").

In the Motion, Plaintiff requests total legal fees of $46,711.13, which includes attorneys' fees of $43,920.00 and associated costs of $2,791.13. ECF No. 15 ¶¶ 9, 11. In support, Plaintiff has filed an affidavit and detailed records. As this Court noted previously, to prevail, Plaintiff must establish three things: the fees "must (1) have been provided for in a contract between the parties; (2) be actually paid or incurred; and (3) be reasonable." ECF No. 12 at 10.

First, the fees must be provided for in the contract. As this Court noted in the previous memorandum opinion, ECF No. 12 at 11, the confessed judgment clauses in the Note and Guaranty allow for the award of "the full or total amount of this Note, together with all indebtedness provided for therein, with costs of suit and attorney's commission of ten (10) percent for the collection[.]" ECF No. 1-2 at 5; ECF No. 1-4 at 4. Accordingly, Plaintiff may receive costs of suit and attorneys' fees up to the amount provided for in the contract—ten percent of the value owed—even if Plaintiff's attorneys' fees were greater than that amount. *See Webster v. People's Loan, Sav. & Deposit Bank of Cambridge*, 160 Md. 57, 152 A. 815, 818

(Md. 1931) (finding that if the plaintiff "pays more than the fees entered" in the confessed judgment, "then he is out the excess"). Thus, while Plaintiff can meet the first factor, Plaintiff's attorneys' fees are limited to ten percent of the collection owed.

Second, the fees must have been actually paid or incurred. In support, Plaintiff submits the declaration of counsel Erin Elizabeth Stark. ECF No. 15 ¶ 9. The supplement also includes an hourly rate sheet showing hourly billing rates of $450/hour for Stark, Exhibit A, and detailed timekeeping and costs records, Exhibit B. The firm's billing records show a total of $32,850.00 in attorneys' fees and $2,865.13 in associated costs. The billing statements were issued from the end of November 2019 until the end of November 2020, reflecting work done and costs incurred by the firm from October 2019 through October 2020. *See* Exhibit B.[2] Plaintiff has met the second factor.

Third, the attorneys' fees must be "reasonable" and supported by evidence. Maryland Rule of Civil Procedure 2-704, which took effect at the beginning of 2014, governs attorneys' fees allowed by a contract and provides guidance for reasonableness determinations. *See* Md. R. Civ. P. Cir. Ct. 2-704(a); *see also Steele v. Diamond Farm Homes Corp.*, 464 Md. 364, 386, 211 A.3d 411, 424 (Md. 2019); *Merriweather Post Bus. Tr. v. It's My Amphitheater, Inc.*, No. 2594, SEPT. TERM, 2018, 2020 WL 4530659, at *26 n.22 (Md. Ct. Spec. App. Aug. 6, 2020); *Mid-Atl. Homes v. Manufacturers & Traders Tr. Co.*, No. 1503, SEPT. TERM, 2018, 2018 WL 5794649, at *11 (Md. Ct. Spec. App. Nov. 5, 2018).

Under Rule 2-704, a party seeking attorneys' fees must submit evidence based on the standards set forth in Rule 2-703(f)(3) or subsection (e)(4) of Rule 2-704, as applicable. *See* Md.

---

[2] Stark attests that Plaintiff has been billed $43,920 for services rendered and $2,791.13 for costs. ECF No. 15 ¶ 9. However, the billing sheets provided do not add up to those totals.

R. Civ. P. Cir. Ct. 2-704(d). Subsection (f)(3) applies where, as here, the amount sought is greater than $4,500. The factors outlined in Rule 2-703(f)(3) are:

    (A) the time and labor required;

    (B) the novelty and difficulty of the questions;

    (C) the skill required to perform the legal service properly;

    (D) whether acceptance of the case precluded other employment by the attorney;

    (E) the customary fee for similar legal services;

    (F) whether the fee is fixed or contingent;

    (G) any time limitations imposed by the client or the circumstances;

    (H) the amount involved and the results obtained;

    (I) the experience, reputation, and ability of the attorneys;

    (J) the undesirability of the case;

    (K) the nature and length of the professional relationship with the client; and

    (L) awards in similar cases.

Md. R. Civ. P. Cir. Ct. 2-703(f)(3); *see also Steele*, 464 Md. at 385, 211 A.3d at 423; *Mid-Atl. Homes*, 2018 WL 5794649, at *11. Stark attests that she is the managing partner of her multi-state law firm and that her practice is devoted to the representation of lenders in commercial transactions. ECF No. 15 ¶ 2. Stark has been practicing law for 21 years and charges a rate of $450/hour, *id.*, a reasonable rate for an experienced attorney under local rules, *see* Local Rule App. B(3) (D. Md. 2021). Stark attests that, in her experience and opinion, the hours expended, the hourly rates charged, and the fees billed are reasonable and comparable to rates and fees for attorneys of similar experience. ECF No. 15 ¶ 10.

Plaintiff also provides detailed timekeeping records of the tasks performed, which spanned from October 2019 until the end of October 2020. *See* Exhibit B. Counsel spent 73 hours on this case over the course of the year. *Id.* Plaintiff also provides separate, detailed records of costs incurred, including court costs, process server fees, and outside courier services. *Id.* These records show a total of $32,850.00 in attorneys' fees and $2,865.13 in associated costs of prosecution.

Based on the foregoing, the Court finds that ten percent of the collection owed, or $31,198.97, is a reasonable award for attorneys' fees. Plaintiff provides detailed records of work done by an experienced attorney over the course of a year. The attorneys' fees billed ($32,850.00) are also close to the ten percent of the awarded judgment ($31,198.97). The record also substantiates associated legal costs of $2,865.13. Thus, Plaintiff is awarded $31,198.97 in attorneys' fees and $2,865.13 in costs.[3]

### IV.    CONCLUSION

For the reasons discussed, the Motion is granted. A separate Order follows.

Dated:  December    21, 2021                              /s/
                                                                     GEORGE J. HAZEL
                                                                     United States District Judge

---

[3] Plaintiff acknowledged the ten percent cap on attorneys' fees in the Complaint. In the Complaint, in contrast to the Motion, Plaintiff requested $29,788.90 in attorneys' fees, or ten percent of the collection owed given accrued interest at the time, and associated costs of suit. ECF No. 1-6 ¶ 18. Plaintiff further noted that as "provided in the 'Confession of Judgment Clause' in the Note and Guaranty, Bank is entitled to costs of suit and attorney's commission of ten (10) percent for the collection." *Id.* at n.2.